**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| EDWIN N. HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01304-TWP-MG |
| | ) | |
| IMPD, | ) | |
| MARION COUNTY CRIMINAL JUSTICE | ) | |
| CENTER, | ) | |
| MARION COUNTY SHERIFF OFFICE, | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| MARION COUNTY PROBATION, | ) | |
| MARION COUNTY PROSECUTOR, | ) | |
| ZACHARY PETRO, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING CERTAIN DEFENDANTS**

This matter is before the Court on the City Defendants' Motion to Dismiss (Dkt. 11), filed by Defendant Zachary Petro ("Officer Petro"); and Defendant Marion County Prosecutor's Motion to Dismiss. (Dkt. 17). *Pro se* Plaintiff Edwin N. Holmes ("Mr. Holmes") filed this civil action alleging that seven defendants—Indianapolis Metropolitan Police Department ("IMPD"), Marion County Criminal Justice Center, Marion County Sheriff Office, City of Indianapolis, Marion County Probation, and Marion County Prosecutor, and Zachary Petro—are liable to him based on the circumstances surrounding his incarceration at the Marion County Jail between March 14 and 22, 2022. To date, Mr. Holmes has not served notice of this action on Defendants Indianapolis Metropolitan Police Department, Marion County Criminal Justice Center, the City of Indianapolis, and Marion County Probation. For the reasons explained below, the four unserved defendants are dismissed under Rule 4(m) of the Federal Rules of Civil Procedure and the unopposed motions to dismiss filed by defendants Zachary Petro and Marion County Prosecutor, are **granted**.

### I.      The Complaint

Mr. Holmes Complaint alleges that on March 14, 2022, he was arrested and transported to Marion County Jail located at the Criminal Justice Center. (Dkt. 1 at ¶ 3.) On March 18, 2022, he posted three cash bonds and was processed out of the Marion County Jail system on the way to the Probation Department. *Id*. at ¶¶ 4-5. Mr. Holmes witnessed an unnamed Sherriff's Deputy hide the paperwork needed for his release. *Id*. at ¶¶ 7–8. The people working in the Probation Office and the unknown Sherriff's Deputy conspired so that Mr. Holmes would arrive to the Probation Department to find it closed, forcing him to return to incarceration until he could be placed on probation. *Id*. at 8-9.  After failing to be released by the Probation Department, Mr. Holmes was not properly processed back into the Marion County Jail's inmate registration system upon his return to incarceration. *Id*. at ¶ 12. This oversight made it impossible for Mr. Holmes to access crucial jail-amenities. *Id*. Because of this oversight, he was denied food for over 63 hours and prevented from using the phone or accessing bedding or hygiene products. *Id*. at ¶¶ 12–13.

On March 19, 2022, Mr. Holmes was assaulted, and he requested medical attention on more than four occasions, but treatment was refused. *Id*. at ¶ 14. On March 22, 2022, Mr. Holmes was transported to the Probation Department and was able to use the phone to call his family physician. Id. at ¶15.  He made an appointment with his family physician where his injuries—a concussion and loss of sight in his left eye—were documented.  *Id*. at ¶ 16.  Mr. Holmes alleges the Defendants were responsible for monitoring and supervising inmates and were negligent in failing to protect him from harm. *Id*. at ¶¶ 17-18.

### II.      Rule 4(m) Dismissals

Mr. Holmes was given the opportunity to show cause why defendants IMPD, Marion County Criminal Justice Center, City of Indianapolis, and Marion County Probation should not be

dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, because they were not timely served. (Dkts. 7 and 21). No response was filed and the deadline to do so has passed. (Dkt. 21). Accordingly, for the reasons explained in the Orders of August 18, 2023, and February 8, 2024, the unserved defendants are subject to dismissal without prejudice pursuant to Rule 4(m) (Dkts. 7 and 21). The **clerk is directed** to terminate IMPD, Marion County Criminal Justice Center, City of Indianapolis, and Marion County Probation as defendants on the docket.

### III. Defendants Officer Petro and Marion County Prosecutor

Officer Petro and Marion County Prosecutor (the "Prosecutor") each move to dismiss the Complaint for failure to state a claim against them, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkts. 11 and 17). To survive a Rule 12(b)(6) motion, the Complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court takes "as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *Roe v. Dettelbach*, 59 F.4th 255, 261–62 (7th Cir. 2023) (citation omitted)).

Officer Petro and the Prosecutor argue that the claims against them should be dismissed because there are no allegations of misconduct alleged against them and because the claims are barred by *res judicata*. Dkt. 12 at 5-7; dkt. 18 at 5-9; dkt. 12-1 (Cause No. 49D13-2208-PL-029500, Marion Superior Court).  Mr. Holmes has not responded to the motions to dismiss, accordingly, he has conceded these points.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession); *Myers v. Thoman*, 2010 U.S. Dist. LEXIS 107502, at *11 (S.D. Ind. Oct. 6, 2010) ("The Seventh Circuit has clearly held that a party who fails to respond to points made . . . concedes

3

those points."); *Cintora v. Downey*, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010)

("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's

argument implies concession."); *Sequel Capital, LLC v. Pearson*, 2010 U.S. Dist. LEXIS 109087,

at *22 (N.D. Ill. Oct. 12, 2010) (same); *Thomas v. Am. Family Mut. Ins. Co.*, 2008 U.S. Dist.

LEXIS 92440, at *13–14 (N.D. Ind. Nov. 13, 2008) (same).

Mr. Holmes concessions are appropriate, because Officer Petro and the Prosecutor are only

named in the caption of the complaint. There are no allegations in the complaint alleging that

Officer Petro or the Prosecutor are responsible for any of the misconduct alleged. As the Seventh

Circuit explained in *Taha,*

> Federal Rules of Civil Procedure 8 and 12 set the conditions for a sufficient pleading. Rule 8(a)(2) says a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint falls short of this requirement, it risks dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." A claim satisfies Rule 8(a)(2)—and avoids dismissal under Rule 12(b)(6)—if the complaint alleges facts that show the claim is "plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020).  Officer Petro and

the Prosecutor have not received fair notice of the claims and allegations made against them.

Without a "plain statement" of a claim, Holmes fails to state a claim for relief against Petro or the

Prosecutor. *Id.*

The unopposed motions to dismiss, are **granted** because the Complaint fails to state a claim

upon which relief may be granted as to Officer Petro and the Prosecutor. Accordingly, Officer

Petro and the Prosecutor must be terminated in this action.

Given the dismissal of the claims alleged against Officer Petro and the Prosecutor based on Rule 8(a)(2)'s plain statement requirement, the Court need not discuss the alternative argument that the claims against them are barred by the doctrine of *res judicata*.

### IV. Conclusion

For the reasons explained above, the City Defendants' Motion to Dismiss, Dkt. [11], and Defendant Marion County Prosecutor's Motion to Dismiss, Dkt. [17] are **GRANTED.**

The **clerk is directed** to terminate defendants Indianapolis Metropolitan Police Department, Marion County Criminal Justice Center, City of Indianapolis, Marion County Probation, Marion County Prosecutor, and Zachary Petro as defendants on the docket.

The Marion County Sheriff Office is the sole remaining defendant. It has answered the complaint. *See* dkt. 20. The magistrate judge is requested to hold an initial pretrial conference with Holmes and the Marion County Sheriff Office as soon as his schedule permits.

IT IS SO ORDERED.

Date: 5/3/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EDWIN N. HOLMES
6311 Shelbyville Rd.
Indianapolis, IN 46237

John Brayton Bignotti
Office of Indiana Attorney General
john.bignotti@atg.in.gov

Michael Brian Coppinger, II
brian.coppinger2@indy.gov

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com

Magistrate Judge Garcia's Chambers